## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| MICHAEL JAMES HILL, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| DEPARTMENT OF CORRECTIONS; | : | |
| STATE OF GEORGIA; | : | |
| CARL HUMPHREY; | : | |
| VICTORIA MALONE; | : | |
| DAWN SMITH, | : | NO. 5:11-CV-331 (MTT) |
| | : | |
| Defendants | : | **ORDER & RECOMMENDATION** |
| | : | |

Plaintiff MICHAEL JAMES HILL, an inmate at the Baldwin State Prison in Hardwick,
Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.   (ECF No. 1).

Plaintiff also sought leave to proceed without prepayment of the $350.00 filing fee or
security therefor pursuant to 28 U.S.C. § 1915(a).   (ECF No. 2).   In an Order dated August 29,
2011, the Court granted his motion to proceed *in forma pauperis*.   (ECF No. 8).   Plaintiff is
nevertheless obligated to pay the full filing fee, as is directed later in this Order and
Recommendation.   The Clerk of Court is directed to send a copy of this Order and
Recommendation to the business manager of the Baldwin State Prison.

## I.  *STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening
of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of
a governmental entity."   Section 1915A(b) requires a federal court to dismiss a prisoner complaint

that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true.  *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).  Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims,

then the complaint is subject to dismissal.  *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in §  1915A "shall" be dismissed on preliminary review).

## II. STATEMENT AND ANALYSIS OF CLAIMS

Plaintiff states that he was attacked by three inmates on February 25, 2011.  He alleges that one of the inmates fractured his jaw.  Plaintiff states that he was sent to medical and an unnamed doctor told him to take an ibuprofen, drink an Ensure, and return to his cell. Plaintiff alleges that he argued with the doctor, who then sent him to the Atlanta Medical Center.   Plaintiff explains that he underwent a CAT scan at the Atlanta Medical Center and it was determined that his jaw was fractured.

Plaintiff alleges he was sent back to prison and three days later he saw "Dental."   (Pl.'s Compl. at 4, ECF No. 1).   Plaintiff states that more x-rays were taken and he was referred to Augusta State Medical Prison.   Plaintiff maintains that he repeatedly complained about his jaw, but he had to wait three more weeks before he was sent to Augusta.   (Pl.'s Compl. at 4, ECF No. 1).

According to Plaintiff, unnamed personnel at Augusta State Medical Prison informed him that "they waited too long to get [him] to Augusta."   (Pl.'s Compl. at 4, ECF No. 1).   Plaintiff states he was informed that they could only wire his jaw shut and allow it to heal "like it was." (Pl.'s Compl. at 4, ECF No. 1).   Plaintiff maintains that his jaw is still slightly out of line.

Plaintiff asks the Court to (1) appoint an attorney to represent him; (2) subpoena his

medical file; and (3) award him damages. Plaintiff's requests for the appointment of an attorney and for discovery are premature.   There is no constitutional or statutory right to counsel in civil rights actions.  *See Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986).  In fact, "[i]t is a privilege that is justified only by exceptional circumstances."  *Id.*  Until such time as the Court has an opportunity to review the Defendants' responsive pleadings, it cannot properly evaluate Plaintiff's need for counsel in this action.   Should it become apparent later on in the proceedings that counsel should be appointed, after due consideration of the complexity of the issues raised or their novelty, *Poole v. Lambert*, 819 F.2d 1025 (11th Cir. 1987), the Court will consider the request again at the appropriate time.   Therefore, Plaintiff's request for an attorney is DENIED at this time.

As is explained in detail below, Plaintiff cannot commence discovery until an answer or dispositive motion has been filed on behalf of the Defendants. Therefore, Plaintiff's current request for the Court to subpoena his medical file is premature and is DENIED at this time.

Plaintiff named the Georgia Department of Corrections and the State of Georgia as Defendants.  However, the State of Georgia and its agencies are immune from suit under the Eleventh Amendment.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit.")

It is therefore **RECOMMENDED** that Defendants Georgia Department of Corrections and the State of Georgia be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this

recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this order.

At this time, the Court finds that Plaintiff has raised sufficient facts so that the Eighth Amendment Claim that his necessary medical treatment was delayed can go forward against Carl Humphrey, Victoria Malone, and Dawn Smith.

It is hereby **ORDERED** that service be made against Defendants Humphrey, Malone, and Smith and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*.

**Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).**

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.   Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the court determines that discovery has been completed and that all motions

5

have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff.   The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.   The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.   **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories)

shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.   This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first).  The

scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:   <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.   No party shall be required to respond to any such requests which exceed these limitations.

## <u>REQUESTS FOR DISMISSAL AND/OR JUDGMENT</u>

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but in

any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to

remit payments.   In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED and RECOMMENDED**, this 22nd day of September, 2011.


S/STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE